(Hamilton County Common Pleas.)
JACOBY BROS. v. J. W. DOTSON.

---

*Attachment—Non-residence of plaintiffs —Exemption law of the state of defendant's residence—Failure to give security for costs not jurisdictional—*

SPIEGEL, J.

Defendant files a motion in this cause to dismiss the attachment obtained, upon the following grounds:

1st. Because plaintiffs are non-residents of Ohio and have executed no bond for costs herein.

2d. Because plaintiffs and defendant are merchants of Kentucky, and plaintiffs are prosecuting this action in Ohio for the purpose of evading the exemption laws of Kentucky.

3d. Because all of the property attached herein is exempt to the defendant under the laws of Kentucky, where both plaintiffs and defendant reside.

This motion must be overruled. Section 2 of Article 4 of the Constitution of the United States provides that the citizens of each state shall be entitled to all privileges and immunities of citizens in the several states, and under this provision citizens of Kentucky may choose our forum to settle their difficulties if jurisdiction is obtained. The allegation that plaintiffs are prosecuting this action here for the purpose of evading the exemption laws of Kentucky is not sustained by a single affidavit, but is directly contrary to the facts as they are before the court. That the laws of any state can not by any inherent authority be entitled to respect extraterritorially, or beyond the jurisdiction of the state which enacts them, I had thought to be elementary law. I know of no law of our state which has changed this rule in regard to the legislation of our sister state, Kentucky, and certainly of none which authorize me to administer the exemption law of Kentucky instead of that of our own state. Defendant is entitled to the benefit of our exemption law, and no more.

The fact that plaintiffs have not given security for costs is not jurisdictional, but may be taken advantage of on motion by the defendant and notice given to plaintiff when reasonable time will be given the latter by the court to furnish security, or else the action will be dismissed. Motion overruled.

Alford Groves, for motion.
George D. Harper, contra.

---

(Hamilton County Common Pleas.)
JOHN F. HART et al. v. HENRY WALTER et al.

---

*Conversion and attachment—Tort and tortious elements—Replevin and change of remedy—*

SPIEGEL, J.

In conversions of property of the kind in controversy, the tort may be waived and a suit brought *ex contractu* Woodward v. Suydam, 11 O., 360; Penn. R. R. v. Peoples, 31 Ohio St., 537; Dean v. Yates, 22 Ohio St., 388.

2. In actions on implied contracts, where there are tortious elements, but the tort is waived, attachment lies. Wade on Attachment, sec. 22; Dean v. Yates, 22 Ohio St., 388; Butler v. Hildreth, 5 Met. (Mass.), 49.

3. The doctrine of election does not apply in this case because none of the actions relied on to show election are inconsistent with defendant's rights. I concede that a replevin suit which is founded on a title in plaintiff, bars him from a later suit for conversion or for breach of contract, because the latter is based on the theory that title has passed to the defendant, and whichever of the two it is at the beginning it must remain, a party not being privileged to invest and then divest another's title at pleasure. But in the case at bar no right or title, but only a remedy, is selected, and until judgment there is no bar to a change of remedy. Dean v. Yates, 22 Ohio St., 388.

The proceedings in error must be dismissed.

Wilson & Herrlinger, for plaintiff.
Burch & Johnson, contra.